# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-03122-01-CR-S-RED |
| ) | |
| RICHARD A. HUGH, ) | |
| ) | |
| Defendant. ) | |

## SUGGESTIONS CONCERNING IMPOSITION OF FINE

Comes now the United States of America, by and through John F. Wood, United States Attorney for the Western District of Missouri, and makes the following suggestions concerning imposition of a fine.

## Suggestions

1. The defendant was found guilty of one count in violation of 18 U.S.C.§ 2511(1)(a) and (4) following a jury trial which concluded on July 18, 2007.

2. According to the Presentence Report filed herein, the defendant claims a net worth of $49,317.00 including substantial equity in real estate. The guideline range for imposition of a fine is $4,000.00 to $40,000.00. Restitution is not at issue since the crime involved Mr. Hugh's violation of the victims' intangible right to privacy in their telephone conversations.

3. This is clearly a case in which imposition of a fine is appropriate. The Sentencing Guidelines provide that the district court shall impose a fine "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay an fine." U.S.S.G. § 5E1.2(a). In determining the amount of the fine, the Court "shall" consider seven factors.

18 U.S.C. § 3572, U.S.S.G. § 5E1.2.[1]  Since the word "shall" is present in both the Guidelines and the Code, the district court must take into account these factors or at least the factors relevant to the particular case before it.  *United States v. Young*, 66 F.3d 830, 838 (7th Cir. 1995); *United States v. Hyppolite*, 65 F.3d 1151, 1159 (4th Cir. 1995), *cert. denied*, 116 S.Ct. 1558 (1996).  The district court need not provide detailed findings under each of the listed factors, but must provide enough information on the record to show that it considered the factors so that the appellate court can engage in meaningful review.  *United States v. Bauer*, 19 F.3d 409, 413 (8th Cir. 1994); *United States v. Miller*, 995 F.2d 865, 869 (8th Cir.), *cert. denied*, *Patterson v. United States*, 114 S.Ct. 618 (1993).

A district court's imposition of a fine and the determination of the amount of the fine will not be reversed unless clearly erroneous.  *Miller*, 995 F.2d at 868-69.  *See*, *United States v. Turner*, 975 F.2d 490, 498 (8th Cir. 1992), *cert. denied*, *Dowdy v. United States*, 506 U.S. 1082 (1993).  It is incorrect for a court to impose a fine that the defendant has little chance of paying.  U.S.S.G. § 5E1.2(a).  The defendant has the burden of proving that he cannot pay the fine.  *Young*, 66 F.3d at 839; *Hyppolite*, 65 F.3d at 1159.

---

[1] The factors are:
1. The need for the combined sentence to reflect the seriousness of the offense. . .;
2. Any evidence presented as to the defendant's ability to pay the fine. . .in light of his earning capacity and financial resources;
3. The burden that the fine places on the defendant and his dependents relative to alternative punishments;
4. Any restitution or reparation that the defendant has made or is obligated to make;
5. Any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;
6. Whether the defendant has been fined for a similar offense; and,
7. Any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d)

4. The Sentencing Reform Act provides that "[a] fine imposed pursuant to the provisions of subchapter C of chapter 227 is a lien in favor of the United States upon all property belonging to the person fined." 18 U.S.C. § 3613(a). Later subsections of 18 U.S.C. § 3613 make the lien for payment of fine enforceable in the same manner and to the same extent as is a federal tax lien.

5. The government suggests that there is no reason among the factors discussed in U.S.S.G. § 5E1.2(d) or (f) which would cause a fine to be unjust or unduly burdensome.

6. The government suggests that particularly in light of the defendant's history of wiretapping, imposition of a fine of $10,000.00, in conjunction with incarceration, is appropriate as a deterrent to this defendant's re-offending.

Respectfully submitted,

John F. Wood
United States Attorney

By      */s/ Richard E. Monroe*

Richard E. Monroe
Assistant United States Attorney
Bar No. 27297
901 St. Louis, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was delivered on November 30, 2007, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

             */s/ Richard E. Monroe*

             Richard E. Monroe
             Assistant United States Attorney